IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RHONDA REID,**  *Plaintiff*,  v.  **CANDACE LAWSON,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:20-cv-00077-TES** |

**ORDER**

Plaintiff Rhonda Reid filed suit against Defendants on February 26, 2020. [Doc. 1]. Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each defendant with a copy of both the summons and the complaint unless a defendant waives service. *See* Fed. R. Civ. P. 4(c)(1), (d). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve those copies upon a defendant within 90 days after the filing of the complaint. Thus, Plaintiff's deadline for serving Defendants with a copy of the summons and complaint passed on May 26, 2020. To date, there is no indication that service has been perfected on seven defendants—Gary Usry, Judge James P. Smith, Kilcrease, Richard Gearhart, Christopher Carr, Rene Mathew, and Stephen Bradley.[1]

---

[1] There are 12 named Defendants in this case. Defendants Donnie Harrison, Candace Lawson, Bill Massee, Laverne Ogletree, and Camille Hope have waived service. [Doc. 5]; [Doc. 6]; [Doc. 7]; [Doc. 8]; [Doc. 9].

On May 29, 2020, the Court ordered Plaintiff to show cause within 14 days why the unserved defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). [Doc. 25]. The Court warned Plaintiff that her failure to fully comply with the Court's Order would result in the dismissal of Plaintiff's action against those defendants. [*Id.*, p. 2]. On June 3, 2020, Plaintiff filed her response but failed to provide either proof of service or adequate good cause. [Doc. 27]. Instead, Plaintiff merely reiterated her arguments for suing those defendants. *See generally* [*Id.*].

Accordingly, because Plaintiff has failed to provide good cause, the Court **DISMISSES without prejudice** the unserved defendants, Gary Usry, Judge James P. Smith, Kilcrease, Richard Gearhart, Christopher Carr, Rene Mathew, and Stephen Bradley. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 4th day of June, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**