# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RHONDA DENISE REID,** *Plaintiff,* v. **CANDACE LAWSON,** *et al.,* *Defendants.* | **CIVIL ACTION NO.** **5:20-cv-00077-TES** |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 35]. On June 16, 2020, the Court dismissed the remaining Defendants in Reid's case for lack of subject matter jurisdiction and because she failed to state a claim upon which relief could be granted. *See* [Doc. 32]. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff claims to have a monthly income of $4,767.00, a home valued at $36,000.00, and a motor vehicle valued at $30,000.00. [Doc. 35, pp. 1—3]. Plaintiff also claims to have $4,595.00 in monthly expenses. [*Id.*, p. 5]. Further, Plaintiff paid the original $400.00 filing fee and did not file a motion to proceed *in forma pauperis* when she initiated her suit. Consequently, the Court finds that Plaintiff is able to pay the appellate filing fee.

Further, Plaintiff has not submitted a statement of the issues she intends to appeal, as is required under Federal Rule of Appellate Procedure 24(a)(1)(C). However, this Court's independent review of the issues addressed in the Court's Orders dismissing Defendants demonstrates that Plaintiff's appeal is frivolous. [Doc. 31]; [Doc. 32]; *see also Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), overruled on other

grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the Plaintiff). As previously noted, Defendants were dismissed because Plaintiff failed to timely serve them, Plaintiff failed to state a claim upon which relief could be granted, or the Court lacked subject matter jurisdiction. [Doc. 31, p. 2]; [Doc. 32, pp. 17—18]. The appeal, therefore, is not brought in good faith as there are no issues with arguable merit.

Accordingly, Plaintiff has the means to pay the appellate filing fee and her appeal is not brought in good faith. Thus, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [Doc. 35].

**SO ORDERED**, this 24th day of June, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**